**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GERMAN SOTO-MORENO, | : | |
| | : | |
| Appellant. | : | No. 3072 EDA 2018 |

Appeal from the Judgment of Sentence Entered, September 12, 2018,
in the Court of Common Pleas of Chester County,
Criminal Division at No(s):  CP-15-CR-0000423-2017,
CP-15-CR-0000424-2017.

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED AUGUST 09, 2019**

German Soto Moreno appeals from the judgment of sentence imposed following his conviction of multiple counts of burglary[1] and related offenses. Additionally, Moreno's counsel has filed a petition to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967).  We grant counsel's petition, and affirm Moreno's judgment of sentence.

Between August and September of 2016, several burglaries occurred at modular or trailer-style residences in Chester County, Pennsylvania, which were occupied by low-income, migrant farmworkers of Hispanic descent.  In

---

[1] 18 Pa.C.S. § 3502(a)(2).

each instance, the burglar entered the premises while the occupants were out working in the local mushroom industry, and stole jewelry, religious objects, and U.S. currency.[2]  Police discovered that several of the stolen items had been sold to pawn shops in Wilmington, Delaware.  Surveillance video from one of the pawn shops revealed that Moreno, using a fraudulent U.S. permanent resident card,[3] pawned the stolen items.  During an interview with police, Moreno confessed to committing the crimes.

Police arrested Moreno and charged him with multiple counts of burglary at two separate docket numbers.  On March 26, 2018, Moreno entered an open guilty plea to one count of burglary at docket number CP-15-CR-423-2017, and six counts of burglary at docket number CP-15-CR-424-2017.[4]  All of the convictions were graded as first-degree felonies.  On June 13, 2018, the trial court sentenced Moreno to five to twenty years of imprisonment for the single count of burglary at 423-2017.  At 424-2017, the trial court

---

[2] Because of their immigration status, these types of victims generally avoid using banking institutions, and sometimes keep large amounts of U.S. currency in their residences.

[3] Moreno is a Mexican citizen who is not lawfully in this country.  He has been deported twice, and each time he has returned illegally back into this country.

[4] At the time of the burglaries, Moreno was serving a term of parole for prior residential burglary convictions at four other docket numbers: CR-1158-2015; CR-1205-2013; CR-3233-2013; and CR-2743-2013.  The trial court revoked his parole at those docket numbers, and reinstated probationary sentences on his prior convictions.

sentenced Moreno to ten to twenty years of imprisonment for each of the six counts of burglary, to be served concurrently with each other and consecutively to the sentence imposed at 423-2017.

Moreno filed a motion for reconsideration of sentence, which resulted in the reduction of his sentence at 423-2017 to three to twenty years of imprisonment. Moreno filed a second motion for reconsideration of sentence, which resulted in the further reduction of his sentence at 423-2017 to three to six years of imprisonment on September 12, 2018.[5] Upon both motions, the trial court denied reconsideration of Moreno's sentence imposed at 424-2017. Thus, following reconsideration, his aggregate sentence was reduced to thirteen to twenty-six years in prison.

On October 1, 2018, Moreno filed a timely *pro se* notice of appeal. The trial court appointed counsel, who filed another notice of appeal on October 12, 2018.[6] The trial court ordered Moreno to file a Pa.R.A.P. 1925(b) concise

_____

[5] This sentence fell within the standard range of the sentencing guidelines. The sentences imposed at 424-2017 were the statutory maximum.

[6] The notice of appeal filed by counsel is deficient insofar as it does not comply with **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018) (decided June 1, 2018, and holding that, "in future cases . . . when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal."). Instead, counsel filed a single notice of appeal listing both docket numbers. Notwithstanding, the certified record reflects that Moreno filed a timely *pro se* notice of appeal in the trial court at both docket numbers. However, those filings are not included in the certified record. Given our willingness to construe *pro se* filings liberally, we will assume for purposes of

- 3 -

statement of errors complained of on appeal. In response, counsel filed a statement of intent to file an *Anders* brief. Given that neither counsel nor Moreno raised any claim of error before the trial court, the trial court declined to file an opinion pursuant to Pa.R.A.P. 1925(a).

In this Court, counsel filed a petition to withdraw as counsel and an accompanying *Anders* brief. In the *Anders* brief, counsel raises the following issues that might arguably support the appeal:

> 1. Did the imposition of an aggregate sentence of thirteen (13) to twenty-six (26) years' confinement for seven [b]urglary convictions raise a substantial question that the Sentencing Code was violated by the sentencing court?
>
> 2. If a substantial question was raised, did the sentencing court abuse its discretion?

*Anders* Brief at 5 (numbering added).

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*) (citation omitted). Pursuant to *Anders*, when counsel believes an appeal is frivolous and wishes to withdraw from representation, she must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring

---

this appeal that Moreno's *pro se* notices of appeal complied with the dictates of *Walker*. *See Commonwealth v. Lyons*, 833 A.2d 245, 251-52 (Pa. Super. 2003).

to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se,* or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of *Anders*, *i.e.,* the contents of an *Anders* brief, and required that the brief:

(1)    provide a summary of the procedural history and facts, with citations to the record;

(2)    refer to anything in the record that counsel believes arguably supports the appeal;

(3)    set forth counsel's conclusion that the appeal is frivolous; and

(4)    state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel has complied with each of the requirements of *Anders*. Counsel indicates that she conscientiously examined the record and determined that an appeal would be frivolous. Further, the *Anders* brief

comports with the requirements set forth by the Supreme Court of Pennsylvania in *Santiago*. Finally, the record includes a copy of the letter that counsel sent to Moreno, advising him of his right to proceed *pro se* or retain alternate counsel and file additional claims, and stating counsel's intention to seek permission to withdraw.[7] Accordingly, counsel has complied with the procedural requirements for withdrawing from representation, and we will conduct an independent review to determine whether Moreno's appeal is wholly frivolous.

The issue raised in the *Anders* brief presents a challenge to the discretionary aspects of Moreno's sentence.[8] "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue, this Court conducts a four-part analysis to determine:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there

---

[7] Moreno has not filed any response to the *Anders* brief.

[8] As Moreno entered an open guilty plea, he retained the right to challenge the discretionary aspects of his sentence. *See Commonwealth v. Luketic*, 162 A.3d 1149, 1159 (Pa. Super. 2017) (holding that when a defendant enters a guilty plea which does not involve a plea bargain designating the sentence to be imposed, he waives the right to challenge all non-jurisdictional defects except the legality of the sentence and the validity of the plea, but retains the right to challenge the discretionary aspects of his sentence).

is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S. § 9781(b).

*Id*. (citation omitted). When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. ***Commonwealth v. Yanoff***, 690 A.2d 260, 267 (Pa. Super. 1997); ***see also Commonwealth v. Tuladziecki***, 522 A.2d 17, 18 (Pa. 1987); 42 Pa.C.S. § 9781(b).

In the instant case, Moreno filed a timely notice of appeal, and two timely post-sentence motions for reconsideration of sentence. However, Moreno raised no excessiveness challenge in either motion. Nor did he claim that his sentence was excessive at the original sentencing hearing, or during the two hearings conducted on his motions for reconsideration. Generally, issues that challenge the discretionary aspects of sentencing are waived if they are not raised during sentencing proceedings or in a post-sentence motion. ***See Commonwealth v. McAfee***, 849 A.2d 270, 275 (Pa. Super. 2004) (holding that issues challenging the discretionary aspects of a sentence are waived if not raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings); ***see also*** Pa.R.A.P. 302.

Additionally, while the ***Anders*** brief includes a separate "Statement of Reasons to allow Appeal from the Discretionary Aspects of Sentence," which we presume is intended to be a Rule 2119(f) statement, it does not indicate the manner in which Moreno's sentence raises a substantial question. ***See***

*Commonwealth v. Feucht*, 955 A.2d 377, 384 (Pa. Super. 2008) (stating that an appellate court will only evaluate substantive discretionary sentencing claims that were relied upon in the Rule 2119(f) concise statement).

While these deficiencies would generally result in waiver, in light of the fact that counsel has filed an *Anders* brief and petition to withdraw, we will address Moreno's contention. *See Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009) (addressing a discretionary sentencing issue despite the absence of a Rule 2119(f) statement in the *Anders* brief); *see also Commonwealth v. Hernandez*, 783 A.2d 784, 787 (Pa. Super. 2001) (concluding that *Anders* requires review of issues otherwise waived on appeal).

> Our review is governed by the following principles:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted). In making a reasonableness determination, a court should consider four factors:

> (1)   The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2)   The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3)    The findings upon which the sentence was based.

(4)    The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d)(1)-(4).

Here, Moreno came before the trial court with a prior record score of RFEL (repeat felon).  He was sentenced on seven counts of residential burglary, each graded as a first-degree felony with an offense gravity score of seven.  He was also on parole for four other residential burglary convictions. Given his convictions and criminal history, Moreno faced a maximum aggregate sentence of seventy to 140 years in prison.  Yet, the trial court, upon reconsideration, sentenced Moreno to an aggregate prison term of thirteen to twenty-six years.  Despite the imposition of a statutory maximum sentence on six of the convictions, the trial court's decision to run those sentences concurrently resulted in an aggregate sentence for all seven counts of burglary in the mitigated range of the sentencing guidelines.  Therefore, Moreno's sentence is clearly not excessive.

Additionally, the trial court considered a pre-sentence investigation report.  Where a sentencing court is informed by a pre-sentence investigation report, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009).

Moreover, the trial court explained its reasons for the sentence on the record, noting the nature of the crimes, Moreno's criminal record, his failure to rehabilitate, and the fact that he was in this country illegally. *See* N.T. Sentencing, 6/13/18, at 21-23; *see also* 42 Pa.C.S.A. § 9721(b). Thus, we discern no abuse of discretion by the trial court, and agree with counsel's conclusion that Moreno's excessive sentencing challenge is wholly frivolous and does not entitle him to relief.

Finally, our review of the record discloses no other non-frivolous issues that Moreno could raise that his counsel overlooked. *Dempster*, *supra*. Accordingly, we grant counsel's petition to withdraw, and affirm the judgment of sentence.

Petition to withdraw granted, judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/19